IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEATRICE JEFFERSON : | |
| Plaintiff, : | |
| v. : | |
| : | Civil Action No. 02-2965 |
| QUALITY COMMUNITY HEALTHCARE, INC., : | |
| and : | |
| QUALITY COMMUNITY HEALTHCARE FAMILY : | |
| HEALTHCARE CENTER, : | |
| and : | |
| QCHC FAMILY CENTER, : | |
| and : | |
| DANAIL VATEV, M.D., : | |
| and : | |
| DEBORAH ROBINSON, P.A., : | |
| and : | |
| TODD E. NIXON, M.D., : | |
| and : | |
| MCP HAHNEMANN UNIVERSITY, : | |
| Defendants. : | |

**ORDER**

AND NOW, this       day of                , 2002, upon consideration of the Motion of Defendant, United States of America, For Dismissal for Lack of Subject Matter Jurisdiction, and plaintiff's response, it is hereby ORDERED that defendant's Motion is GRANTED. The claims of plaintiff against the United States are hereby DISMISSED with prejudice. The claims of plaintiff against the remaining defendants remain in the case.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEATRICE JEFFERSON : | |
|           **Plaintiff,** : | |
| v. : | |
| : | Civil Action No. 02-2965 |
| QUALITY COMMUNITY HEALTHCARE, INC., : | |
|     and : | |
| QUALITY COMMUNITY HEALTHCARE FAMILY : | |
| HEALTHCARE CENTER, : | |
|     and : | |
| QCHC FAMILY CENTER, : | |
|     and : | |
| DANAIL VATEV, M.D., : | |
|     and : | |
| DEBORAH ROBINSON, P.A., : | |
|     and : | |
| TODD E. NIXON, M.D., : | |
|     and : | |
| MCP HAHNEMANN UNIVERSITY, : | |
|           **Defendants.** : | |

---

**MOTION OF DEFENDANT, UNITED STATES OF AMERICA, FOR DISMISSAL
FOR LACK OF SUBJECT MATTER JURISDICTION**

---

      Defendant, United States of America, substituted for Quality Community HealthCare, Inc., Quality Community HealthCare Family HealthCare Center, QCHC Family Center, Danail Vatev, M.D. and Deborah Robinson, P.A., hereby requests this Court to dismiss

the claims of plaintiff against it for lack of subject matter jurisdiction. The basis for this motion is set forth in the accompanying Memorandum of Law.

                                    Respectfully submitted,

                                    PATRICK L. MEEHAN
                                    United States Attorney

                                    JAMES G. SHEEHAN
                                    Chief, Civil Division

                                    K.T. TOMLINSON
                                    Assistant United States Attorney

Dated:  August 23, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEATRICE JEFFERSON** : | |
| Plaintiff, : | |
| v. : | |
| : | Civil Action No. 02-2965 |
| **QUALITY COMMUNITY HEALTHCARE, INC.,** : | |
| and : | |
| **QUALITY COMMUNITY HEALTHCARE FAMILY** : | |
| **HEALTHCARE CENTER,** : | |
| and : | |
| **QCHC FAMILY CENTER,** : | |
| and : | |
| **DANAIL VATEV, M.D.,** : | |
| and : | |
| **DEBORAH ROBINSON, P.A.,** : | |
| and : | |
| **TODD E. NIXON, M.D.,** : | |
| and : | |
| **MCP HAHNEMANN UNIVERSITY,** : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANT, UNITED STATES OF AMERICA, FOR DISMISSAL
FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, United States of America, by and through its attorneys, Patrick L. Meehan, United States Attorney in and for the Eastern District of Pennsylvania, and K.T. Tomlinson, Assistant United States Attorney for the same district, hereby moves to dismiss the claims of plaintiff against it for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff, Beatrice Jefferson, filed a praecipe for writ of summons against, *inter alia*, Quality Community HealthCare, Inc., Quality Community HealthCare Family HealthCare Center,

QCHC Family Center, Danail Vatev, M.D. and Deborah Robinson, P.A., in the Court of Common Pleas, Philadelphia County, Pennsylvania on or about February 7, 2002.  *See* Gov't Exhibit 1 (Plaintiff's Praecipe for Writ of Summons).  Plaintiff served a copy of the summons on Dr. Vatev, Ms. Robinson and Quality Community HealthCare, Inc..

Dr. Vatev and Ms. Robinson were employees of Quality Community HealthCare, Inc. for all relevant periods in plaintiff's complaint.  *See* Gov't Exhibits 2, 3 (W-2 Forms for Danail Vatev and Deborah Robinson, respectively.).  Plaintiff was seen at Quality Community HealthCare between 1995 and 2000.

The Secretary of Health & Human Services ("HHS") deemed Quality Community HealthCare, Inc., an HHS grantee, and its employees to be employees of the Public Health Service, a federal agency, on or about October 7, 1993, thus deeming Greater Philadelphia Health Action, Inc. and its employees eligible for Federal Tort Claims Act coverage.  *See* Gov't Exhibit 4 (deeming letters); 42 U.S.C. § 233(G)(1)(A).  Accordingly, under the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n), Dr. Vatev and Ms Robinson, who, at all relevant times, were employees of Quality Community HealthCare, Inc., a federally supported health center, are deemed to be employees of the Public Health Service, an agency of the United States.  *See* 42 U.S.C. § 233(g)(1)(A).

The action was removed to this Court on May 17, 2002 by counsel for the United States.  Plaintiff filed her complaint on June 25, 2002.  *See* Gov't Exhibit 5 (plaintiff's complaint). That complaint was served on defendants, Quality Community HealthCare, Inc., Quality Community HealthCare Family HealthCare Center, QCHC Family Center, Danail Vatev, M.D. and Deborah Robinson, P.A., on June 28, 2002.  No copy was delivered to counsel for the United States by plaintiff.  On August 22, 2002, the United States has moved to substitute itself as a

defendant for Dr. Moreno.

In her complaint, plaintiff alleges that she was negligently treated by Quality Community HealthCare, Inc., Quality Community HealthCare Family HealthCare Center, QCHC Family Center, Danail Vatev, M.D. and Deborah Robinson, P.A. *See* Gov't Exhibit 5 (Plaintiff's Complaint) at ¶¶ 33, 34, 36. Plaintiff further alleges that this negligence was one of the causes of the injuries described in her complaint. *Id.* At no time prior to filing his lawsuit, however, did plaintiff file any administrative claim, as she is required to do prior to bringing a tort claim against a federal agency. *See* Gov't Exhibit 6 (Declaration of Richard G. Bergeron).

## ARGUMENT

The United States is asking the Court to dismiss the claims of plaintiff, Beatrice Jefferson, against it on the grounds that the Court lacks subject matter jurisdiction. Plaintiff has failed to meet one of the basic requirements for a suit under the Federal Tort Claims Act ("FTCA") – she never filed an administrative claim concerning her negligence claim. *See* 28 U.S.C. § 2675(a) (stating that suit cannot be instituted against United States for money damages for injury caused by negligent or wrongful act or omission of federal employee acting within scope of employment unless claimant first presents claim to agency and claim is denied in writing).

It is well-settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This sovereign immunity is waived only to the extent Congress, by statute, consents to that waiver. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Congress has consented to such a waiver for

tort claims against the United States and its agencies with the Federal Tort Claims Act ("FTCA").[1] Indeed, the FTCA "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States [and] its agencies." *J.D. Pflaumer v. United States Dep't of Justice*, 450 F. Supp. 1125, 1132 n.11 (E.D. Pa. 1978).

Specifically, the FTCA waives the sovereign immunity of the United States for claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). It further provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 2674.

Congress' waiver of sovereign immunity through the FTCA is circumscribed, however, by several explicit exceptions. One of those exceptions is the requirement that, before any lawsuit may be filed, an injured party must first present an administrative claim to the appropriate federal agency -- in the case, the VA. *See* 28 U.S.C. § 2675(a). In addition, "to encourage the prompt presentation of claims," Congress imposed a limitations period for presenting an administrative claim to the agency. *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (citing *Campbell v. Haverhill*, 155 U.S. 610, 617 (1895); *Bell v. Morrison*, 1 Pet. 351, 360 (1828)).

Under the FTCA, "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'" *Id.* at 113 (quoting 28 U.S.C. § 2401(b)). As the Supreme Court noted in *Kubrick*, "in the context of tort claims against the Government," this limitations provision "is the balance struck by Congress"

---

[1] Congress explicitly named the United States as the only proper defendant in a claim brought under the FTCA. *See* 28 U.S.C. § 2679.

between affording plaintiffs "a reasonable time to present their claims" and "protect[ing] defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence." *Id.* at 117 (citing cases).

These terms of the United States' waiver of sovereign immunity define this Court's jurisdiction. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981),. As a consequence, in actions brought against the federal government under the FTCA, compliance with the requirements for filing an FTCA action (such as the requirement to present a tort claim to the agency within two years) may not be waived. *See, e.g., Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *see also Murray v. United States*, 604 F. Supp. 444, 445 (E.D. Pa. 1985). Indeed, the courts in this circuit uniformly have recognized that a plaintiff's failure to first file an administrative claim with the appropriate federal agency in the prescribed time period is grounds for the dismissal of plaintiff's FTCA action. *See, e.g., Tucker v. United States Postal Service*, 676 F.2d 954 (3d Cir.1982) (holding that presentation of tort claim within two years to agency is critical event for satisfaction of statute of limitations for FTCA action); *see also International Islamic Comm. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 366 (D.V.I. 1997) (dismissing FTCA claim where plaintiff failed to exhaust administrative remedies as required by FTCA); *Forbes v. Reno et al.*, 893 F. Supp. 476 (W.D. Pa. 1995) (dismissing FTCA claim where plaintiff failed to first present administrative claim to agency); *Martinez v. United States Post Office*, 875 F. Supp. 1067, 1076 (D.N.J. 1995) (same).

In this case, the United States has presented evidence via declaration that plaintiff never presented an administrative claim for the decedent's injuries. *See* Gov't Exhibit 6. Plaintiff's claim against the United States, therefore, must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that plaintiff's claims against it be dismissed without prejudice.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


JAMES G. SHEEHAN
Chief, Civil Division


K.T. TOMLINSON
Assistant United States Attorney

Dated: August 23, 2002

## CERTIFICATE OF SERVICE

I certify that, on this date, a true and correct copy of the foregoing Motion of Defendant, United States of America, for Dismissal for Lack of Subject Matter Jurisdiction was served by First Class mail, postage pre-paid, upon the following:

> Francis T. Colleran, Esq.
> Law Offices of James E. Colleran
> 21 South 12th St., 13thFloor
> Philadelphia, Pennsylvania  19107
> Attorney for Plaintiff
>
> John J. Snyder, Esquire
> Rawle & Henderson, LLP
> The Widener Building
> 16th Floor
> One South Penn Square
> Philadelphia, Pennsylvania 19107
> Attorney for Defendants Todd E. Nixon, M.D. and
>         MCP Hahnemann University

_____
K.T. TOMLINSON
Assistant United States Attorney

Dated:  August 23, 2002